

# The Attorney General of Texas

August 4, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin. TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock. TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William R. Keener
Chairman
Texas Health Facilities Commission
Austin, Texas 78731

Opinion No. MW-216

Licensing of home health agencies

Dear Mr. Rowland:

You have asked two questions regarding article 4447u, V.T.C.S., which requires all home health agencies to be licensed. Your agency evaluates the need for new health care facilities as mandated by the Texas Health Planning and Development Act, V.T.C.S., article 4418h. Persons subject to the act must obtain a certificate of need or exemption certificate before constructing, changing or expanding health care facilities. V.T.C.S., art. 4418h, §3.01. The commission also has authority to issue a declaratory ruling on whether a particluar project requires a certificate of need or an exemption certificate. Id., §3.03.

Article 4447u, V.T.C.S., provides for two kinds of home health agency license. Those agencies which have been or are in the process of being certified by the Department of Health, Education and Welfare for medicare reimbursement may receive a Class A license, while non-certified agencies may receive a Class B license. The Department of Health may issue licenses to persons fulfilling the requirements set out in section 7, of article 4447u, V.T.C.S., which reads in pertinent part:

> (b) In addition to the above requirements: (1) for a Class A license, if the applicant is at the time of filing an application a certified home health agency, it shall include a copy of its letter of approval from the Department of Health, Education, and Welfare showing its compliance with federal conditions of participation. If the applicant is not at the time of filing its application a certified home health agency, it must attach a copy of its certificate of need, exemption certificate, or declaratory ruling. It must also have been surveyed and be in the process of receiving its certificate from the Department of Health, Education, and Welfare.

> (2) For a Class B license, the applicant must show proof of the services provided and geographical territory in which such services have been provided as

>of the effective date of this Act and it must have requested a
>survey for the purposes of confirming the services provided and
>territory covered.  If the applicant is not providing services as
>of the effective date of this Act, it must attach a copy of its
>certificate of need, exemption certificate, or declatory ruling.

In view of the quoted language, you ask whether it is the responsibility of the Texas Department of Health or the Texas Health Facilities Commission to make the determinations as to what home health agency services and in what counties services were rendered prior to September 1, 1979.

The Health Facilities Commission issues the certificate of need, exemption certificate, or declaratory ruling which all uncertified applicants for a Class A license and some applicants for a Class B license must submit to the Department of Health as part of the license application.  A certificate of need is required where a health facility wishes to substantially expand a service currently offered or provide a new service.  V.T.C.S. art. 4418h, §3.01(a)(1).  Thus, in order to decide whether to issue a certificate of need or an exemption certificate and in order to make a declaratory ruling as to whether either certificate is needed, the Commission must determine what services a home health agency has offered and proposes to offer.  The Commission must therefore make the determinations you inquired about for home health agencies which apply to it for a certificate of need, exemption certificate or declaratory ruling.  These applicants should include all uncertified home health agencies which intend to apply to the Department of Health for Class A license.

There are two groups of applicants for Class B licenses.  Home health agencies which have not provided services as of the effective date of article 4447u, V.T.C.S., and which intend to apply for a Class B license must also petition the Health Facilities Commission for a certificate of need, exemption certificate or declaratory ruling.  However, since this class of applicants provided no services prior to the effective date of this statute, the Commission need not make any detailed fact findings as to the scope of services provided.

Section 7(b)(2) of article 4447u, V.T.C.S., establishes another group of applicants for a Class B license - home health agencies which have provided services as of the effective date of the statute.  Home health agencies of this description are not required to get a certificate or ruling from the Health Facilities Commission in order to apply to the Department of Health for a Class B license.  Thus, in their case, the Department makes the determinations as to services provided and geographical territory covered.

You next ask whether it is the Commission's responsibility to determine whether the provision of particular services prior to September 1, 1979, qualifies the applicant for licensure as a Class A home health agency or a Class B home health agency.  Article 4447u, V.T.C.S., requires the Department of Health to "set minimum standards for home health services licensed under this Act." Sec. 4(b).  Home health agencies apply to the Department for a Class A or Class B license.  V.T.C.S. art. 4447u, §7(a).

The Department must issue a Class A or Class B home health service license to each applicant who fulfills the requirements set out in section 9(a) of article 4447u, V.T.C.S. Article 4447u, V.T.C.S., clearly vests in the Department of Health authority to determine whether a particular applicant is entitled to a Class A or Class B license. The Commission need not make this determination.

## S U M M A R Y

Uncertified home health agencies which wish to apply to the Department of Health for a Class A license and home health agencies which have not provided services prior to the effective date of article 4447u, V.T.C.S., and which wish to apply for a Class B license must first petition the Texas Health Facilities Commission for a certificate of need, exemption certificate, or declaratory ruling. In acting upon these requests, the Commission must make certain determinations as to the scope of services previously rendered by the agency. The Department of Health will make those determinations for home health agencies which have rendered services prior to the effective date of article 4447u, V.T.C.S., and which apply to it for a Class B license. The Department is responsible for determining whether a particular applicant is qualified for a Class A license or a Class B license.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Carla Cox
Susan Garrison
Rick Gilpin
Bruce Youngblood